UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOANNE ROMANO, FOSTER ROMANO, MICHAEL
SANCHEZ, SUSAN SANCHEZ, KAREN MCKERNAN,
KEVIN MCKERNAN, VALERIE FROST, GLENNN
FROST, OYA TURKSONMEZ, CEMIL TURKSONMEZ,
STEVEN AHERN, MAUREEN AHERN, DENNIS
TRAINA, BRITTNI TRAINA, ROBERTO BELLO,
MICHAEL MORELLO, and EILEEN MORELLO,

                         Plaintiffs,

                  -against-

ELITE TOWERS, L.P., THE TOWN OF RIVERHEAD,
TIM HUBBARD, *individually*, KENNETH ROTHWELL,
*individually*, BOB KERN, *in his official capacity as
Councilman*, DENISE MERRIFIELD, *in her official
capacity as Councilwoman*, JOANN WASKI, *in her
official capacity as Councilwoman*, THE WADING
RIVER FIRE DISTRICT, and NEW YORK SMSA
LIMITED PARTNERSHIP d/b/a VERIZON WIRELESS,

                       Defendants.
------------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-08910 (OEM) (ST)

ORELIA E. MERCHANT, United States District Judge:

On December 31, 2024, Plaintiffs Joanne Romano, Foster Romano, Michael Sanchez, Susan Sanchez, Karen McKernan, Kevin McKernan, Valerie Frost, Glennn Frost, Oya Turksonmez, Cemil Turksonmez, Steven Ahern, Maureen Ahern, Dennis Traina, Brittni Traina, Roberto Bello, Michael Morello, and Eileen Morello ("Plaintiffs") commenced this action against Defendants Elite Towers, L.P. ("Elite"); the Town of Riverhead ("Riverhead"); Tim Hubbard, in his individual capacity ("Hubbard"); Kenneth Rothwell, in his individual capacity ("Rothwell"); Bob Kern, in his official capacity as Councilman ("Kern"); Denise Merrifield, in her official capacity as Councilwoman ("Merrifield"); Joan Waski, in her official capacity as Councilwoman ("Waski"); the Wading River Fire District ("Fire District"); and the New York SMSA Limited Partnership d/b/a Verizon Wireless ("Verizon") (collectively, "Defendants") seeking declaratory

1

judgment, compensatory damages, punitive damages, and attorneys' fees and costs under 42 U.S.C. § 1983 ("Section 1983") and the New York Civil Practice Law and Rules ("CPLR") Article 78 and § 3001. *See* Amended Complaint, Dkt. 19 (the "Amended Complaint" or "Am. Compl."). Plaintiffs challenge Riverhead's granting of an application for a proposed wireless communication facility in Riverhead, claiming that Defendants conspired to circumvent the procedure for approving such applications by the Zoning Board of Appeals (the "ZBA") in violation of Plaintiffs' First Amendment rights to petition the government for the redress of grievances. *See generally id.*

Before the Court are Defendants' fully briefed motions to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] For the following reasons, Defendants' motions are granted, and Plaintiffs' Amended Complaint is dismissed in its entirety.

## BACKGROUND[2]

### A. The Parties

Plaintiffs are individual property owners or residents of Wading River, New York. Am. Compl. ¶¶ 26-42. Elite and Verizon are limited partnerships. *Id.* ¶¶ 43, 54. Riverhead is a municipal corporation duly organized and existing under the laws of New York. *Id.* ¶ 44. Hubbard is the Supervisor for Riverhead. *Id.* ¶ 45. Rothwell is a councilman for Riverhead and member of

---

[1] *See* Memorandum of Law in Support of Defendants' Elite Towers, L.P. and New York SMSA Limited Partnership d/b/a Verizon Wireless Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and (6), Dkt. 44-1 ("Verizon & Elite Mot."); Memo of Law in Support of the Motion to Dismiss by Defendants Town of Riverhead, Tim Hubbard, Kenneth Rothwell, Denise Merrifield, and Joann Waski, Dkt. 42-7 ("Town Defs.' Mot."); Declaration in Support of Defendant Wading River Fire District's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and 12(b)(1), Dkt. 46-1 ("Fire District Mot."); Memorandum of Law in Opposition to Defendants' Motions to Dismiss, Dkt. 42-8 ("Opposition" or "Opp'n"); Reply Memorandum of Law in Further Support of Defendants' Elite Towers, L.P. And New York SMSA Limited Partnership d/b/a Verizon Wireless Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and (6), Dkt. 44-19 ("Elite & Verizon's Reply"); Reply Memorandum of Law in Support of Motion to Dismiss, Dkt. 42-9 ("Town Defs.' Reply"). The Fire District joined in its co-Defendants' application to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). *See* Fire District Mot. ¶¶ 5-6.

[2] The following facts are taken from Plaintiffs' Amended Complaint and are accepted as true for the purposes of Defendants' motions to dismiss. The Court recites only those facts relevant to resolving the pending motions to dismiss.

the Fire District. *Id.* ¶ 46. Kern, Merrifield, and Waski are councilmembers for Riverhead, *id.* ¶ 48-50, and representatives of the Riverhead Town Board, *see id.* ¶ 11 (Hubbard, Rothwell, Kern, Merrifield, and Waski collectively, the "Town Defendants").[3] The Fire District is a political subdivision that owns real property upon which the Cell Tower is proposed to be constructed. *Id.* ¶¶ 51-52.

### B. The Cell Tower

Elite intends to construct a cell tower (the "Cell Tower") adjacent to Plaintiffs' homes in Riverhead. *Id.* ¶ 3. To do so, Elite submitted an application to the Riverhead Town Board ("Town Board").[4] *See id.* ¶ 75. On November 7, 2024, the Town Board held a public meeting at which Elite and Verizon requested that the Town Board conduct an *In re County of Monroe*, 530 N.E.2d 202 (N.Y. 1988), balancing test (the "*Monroe* Balancing Test"), *id.*, which is designed "to adjudicate the conflicting interests between two separate and distinct municipalities," *id.* ¶ 12. Elite and Verizon made this request purportedly "to avoid the required approvals of 'three boards.'" *Id.* ¶ 76. On December 3, 2024, the Town Board held another public meeting. *Id.* ¶ 78. At that meeting, Plaintiffs presented a memorandum in opposition to Elite and Verizon's request.[5] The Town Board conducted the *Monroe* Balancing Test and waived the requirements for the three variances required for the Cell Tower under Riverhead's zoning code, thereby approving the application. *Id.* ¶¶ 14, 78.

---

[3] Plaintiffs' Amended Complaint refers to, but does not define, "Town Board Defendants." *See* Am. Compl. ¶¶ 110, 119, 178. The Court understands any reference to "Town Board Defendants" in the Amended Complaint to mean those Town Defendants sued in their official capacity: Councilmembers Kern, Merrifield, and Waski.

[4] To the extent that Riverhead is implicated by the actions of the Town Board, an issue not raised or disputed by any party in these proceedings, the Court uses Riverhead and Town Board interchangeably unless otherwise noted.

[5] Plaintiffs incorporate their memorandum in opposition presented at the second Town Board meeting into their Amended Complaint. Am. Compl. ¶ 97.

Plaintiffs allege that Elite induced Riverhead to deprive "Plaintiffs' rights to be heard before the ZBA by offering to tender monies, equipment, and assorted 'perks' to the Fire District and/or [Riverhead.]" *Id.* ¶ 79. Plaintiffs also allege that Rothwell and Hubbard "affirmatively advocated for the Town Board to circumvent both the ZBA and Plaintiffs' rights under the First Amendment." *Id.* ¶ 81. Plaintiffs assert that the ZBA is the only statutorily designated authority endowed with the power to approve variances such as those that were granted to Elite by the Town Board. *See id.* ¶¶ 56-68. Plaintiffs claim that, as neighbors to the anticipated Cell Tower, they face the dangers of ice fall, debris fall, and structural failures, as well as adverse aesthetic impacts upon their homes and property values. *Id.* ¶¶ 93-100.

### C. Procedural History

On December 31, 2024, Plaintiffs filed the complaint asserting three causes of action against all Defendants: (1) violation of Plaintiffs' rights to petition the government to redress grievances, right to free speech, and prior restraint under the First Amendment, Am. Compl. ¶¶ 101-24 ("First Cause of Action"); (2) conspiracy to deprive plaintiffs of their First Amendment rights, *id.* ¶¶ 125-49 ("Second Cause of Action"); and (3) arbitrary, capricious, and illegal action in violation of the Town of Riverhead Zoning Code, New York CPLR Article 78, and CPLR § 3001, *id.* ¶¶ 150-78 ("Third Cause of Action").

In June 2025, Defendants filed their fully briefed motions to dismiss. Specifically, Defendants move for dismissal of Plaintiff's First Cause of Action and Second Cause of Action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Plaintiff's Third Cause of Action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Town Defs' Mot. at 9-23; Verizon & Elite Mot. at 11-21; Fire District Mot. at ¶ 5.

4

**LEGAL STANDARDS**

### A. Federal Rule of Civil Procedure 12(b)(1)

At the pleading stage, a district court must determine whether it lacks the statutory or constitutional power to adjudicate a case and, if so, it should dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim may be deemed facially plausible if the alleged facts allow the court to reasonably infer "that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The principle that a court must accept the allegations in a complaint as true does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* In considering the motion to dismiss pursuant to Rule 12(b)(6), the Court "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

## DISCUSSION

### A. Plaintiffs' Federal Claims Against Town Defendants, Verizon, and Elite

Plaintiffs assert that they possess standing in this action to seek redress under the First and Fourteenth Amendments pursuant to Section 1983.  Am. Compl. ¶ 100.  "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012).  Section 1983 requires that "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Savarese v. City of New York*, 547 F. Supp. 3d 305, 337 (S.D.N.Y. 2021) (citing *Pitchell v. Callan*, 13 F.3d 545, 546-47 (2d Cir. 1994)).  Thus, the Court first addresses whether Plaintiffs possess standing pursuant to Section 1983 so as to assert viable claims against Town Defendants, Verizon, and Elite.

### 1. Legislative Immunity: Liability of Defendants Sued in Their Official Capacities

Kern, Merrifield, and Waski argue that, as government officials, they are shielded by absolute legislative immunity.  Town Defs.' Mot. at 20-21.  Plaintiffs do not respond to this argument this in their opposition papers, *see generally* Opp'n, and by failing to do so, have conceded this point, *see Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 318 n.10 (S.D.N.Y. 2021) ("Numerous courts in this District have held that a party's failure to address an issue in its response to a Rule 12(b)(6) motion 'amounts to a concession or waiver of the argument.'" (quoting *Cole v. Blackwell Fuller Music Publishing, LLC*, 16-CV-7014 (VSB), 2018 WL 4680989, at *7 (S.D.N.Y. Sep. 28, 2018))); *cf. Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

Even if Plaintiffs had not waived this argument, the Court agrees that their claims as to Defendants sued in their official capacities are implausible due to legislative immunity.  "State,

6

regional, and local legislators are entitled to absolute immunity from liability under 42 U.S.C. § 1983 for official action undertaken in 'the sphere of legitimate legislative activity.'" *Olma v. Collins*, 499 Fed. App'x 98, 99 (2d Cir. 2012) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). Legislative activity, in turn, relies "on the nature of the act, rather than on the motive or intent of the official performing it," *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998), and requires inquiry into whether the Town Board members' actions as pleaded were legislative in function, *see Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 210 (2d Cir. 2003). Legislative immunity extends to casting a vote on a resolution or bill. *See Almonte v. City of Long Beach*, 478 F.3d 100, 107 (2d Cir. 2007); *NRP Holdings LLC v. City of Buffalo*, 11-CV-472S, 2017 WL 745860, at *7 (W.D.N.Y. Feb. 27, 2017) (collecting cases). The Town Board[6] voted to exempt the application for the Cell Tower from zoning, Am. Compl. ¶ 82, which is a characteristically legislative function. *See, e.g.*, *Livant v. Clifton*, 334 F. Supp. 2d 321, 326 (E.D.N.Y. 2004) (reasoning that the town board's actions in holding a hearing, voting, and approving a resolution which authorized the removal of a nuisance were "clearly legislative in nature"). Thus, the Town Defendants, Kern, Merrifield, and Waski, sued in their official capacities would be subject to legislative immunity. Plaintiffs' claims against them are dismissed.

### 2. Qualified Immunity: Liability of Defendants Sued in Their Individual Capacities

Hubbard and Rothwell argue that they are entitled to qualified immunity. Town Defs.' Mot. at 22-23. Once again, Plaintiffs have failed to address this argument in their opposition papers.

---

[6] The Court notes that Plaintiffs do not outright allege that Kern, Merrifield, or Waski, as Riverhead councilmembers, were on the Town Board that cast the vote at issue. Nonetheless, for the sake of argument, the Court construes their actions in their official capacities as those actions taken by the Town Board that are at issue here. By conceding the point that Kern, Merrifield, and Waski are shielded by legislative immunity, Plaintiff does not place such interpretation in dispute.

7

*See generally* Opp'n.  Accordingly, for the same reasons explained above, by failing to address this argument in their opposition papers, Plaintiffs are deemed to have conceded this point.

Even assuming *arguendo* that Plaintiffs had not conceded this point, they do not plausibly allege Hubbard and Rothwell's liability due to qualified immunity.  "The doctrine of qualified immunity protects 'government officials performing discretionary functions' from 'liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Bangs v. Smith*, 84 F.4th 87, 95 (2d Cir. 2023) (quoting *Francis v. Fiacco*, 942 F.3d 126, 139 (2d Cir. 2019)).  For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate."  *White v. Pauly*, 580 U.S. 73, 79 (2017).  Defendants argue several reasons as to why Riverhead's action was constitutional.  *See, e.g.*, Town Defs.' Mot. at 23; Town Defs.' Reply at 5-6; Elite & Verizon's Reply at 5; *cf. Sutton v. Village of Valley Stream*, 96 F. Supp. 2d 189, 194 (E.D.N.Y. 2000) ("Objective reasonableness is established if reasonably competent individuals could disagree about the legality of their actions.").  Without addressing the merits of Plaintiffs' claims, the Court is persuaded that the unconstitutionality of the Town Board's vote was not "beyond debate," that is, Plaintiffs' First Amendment rights are not clearly established in this context so as to draw back the shield of Hubbard and Rothwell's qualified immunity.  Accordingly, Plaintiffs' claims as to Hubbard and Rothwell are dismissed.

### 3.  Liability of Verizon and Elite

The First Amendment restricts federal and state agencies, not private parties.  Consequently, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"  *United States v. Int'l. Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991).  Here, Plaintiffs allege that Elite and Verizon

conspired with Hubbard and Rothwell to persuade the Town Board to conduct a *Monroe* Balancing Test, which deprived Plaintiffs of their constitutional rights. Am. Compl. ¶¶ 72-73, 79. Elite and Verizon argue that Plaintiffs' First Amendment claim against them fails because they are private parties created for private purposes, and the Amended Complaint did not allege that Elite or Verizon were compelled by the Town Board to take action or alleged to be the responsible party for applying the *Monroe* Balancing Test and adopting the resolution. Verizon & Elite Mot. at 12-13. Plaintiffs appear to counter that their claims against Verizon and Elite survive because they have alleged that they functioned as state actors. *See* Opp'n. at 15 (citing Am. Compl. ¶¶ 72-82), 20.

To "establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *see also Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015). The actions of a private party are attributable to the state when:

> (1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the [s]tate," ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir. 2008) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001)).

Plaintiffs do not allege that Verizon or Elite acted pursuant to the coercive power of the state or that they were delegated a public function by the state. Indeed, they allege that Verizon and Elite persuaded the Town Board, not the other way around. Thus, the Court considers whether the actions alleged as to these Defendants meet the requisites of the joint action test. "A charge of

9

joint action amounts to alleging some agreement between private and public actors to violate plaintiff's constitutional rights." *Betts v. Shearman,* 751 F.3d 78, 85 (2d Cir. 2014). The Second Circuit has advised that

> A nexus of state action exists between a private entity and the state when "the state exercises coercive power, is entwined in the management or control of the private actor, or provides the private actor with significant encouragement, either overt or covert, or when the private actor operates as a willful participant in joint activity with the State or its agents, is controlled by an agency of the State, has been delegated a public function by the state, or is entwined with governmental policies."

*Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 187 (2d Cir. 2005) (quoting *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003)).

Plaintiffs allege that Verizon and Elite operated as willful participants in joint activity with Riverhead, via the Town Board, by asking the Town Board to conduct a *Monroe* Balancing Test to exempt them from zoning requirements. Am. Compl. ¶¶ 11, 13, 75-76. However, Plaintiffs do not allege that Verizon and Elite applied the *Monroe* Balancing Test. The Town Board acted of its own accord in conducting the *Monroe* Balancing Test and approving the application. Verizon and Elite requesting the Town Board to apply the test is no different from Plaintiffs petitioning the Town Board in their opposition. To infer joint action out of a private entity requesting the public entity take some action, whether the requested action is a circumvention of procedure or not, does not plausibly satisfy the nexus contemplated in the joint action test.

Further, Plaintiffs' conspiracy allegations that Elite induced the Town Board to act in excess of its statutory power, Am. Compl. ¶ 79, do not plausibly state a claim. A Section 1983 conspiracy claim must allege sufficient facts to suggest "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). "A merely conclusory allegation that a private entity

10

acted in concert with a state actor" is insufficient. *Ciambriello v. County of Nassau,* 292 F.3d 307, 324 (2d Cir. 2002). A plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Kellner v. City of New York*, 17-cv-1268 (NRM) (MMH), 2025 WL 3507346, at *22 (E.D.N.Y. Dec. 8, 2025) (quoting *Gordon v. Emmanuel*, 25-CV-2439 (CBA) (SJB), 2018 WL 4688935, at *9 (E.D.N.Y. Sep. 28, 2018)). Plaintiffs' allegations that Elite and Verizon conspired with Town Defendants "by entering into a meeting of the minds, wherein they agreed to act in concert[,]" Am. Compl. ¶ 127, is entirely conclusory. Plaintiffs' factual allegations do not provide remedy. Plaintiffs' conclusory suggestion that Elite "induced" Riverhead to act in excess of its powers, *id.* ¶ 79, does not show a meeting of the minds or suggest a *quid pro quo* agreement between Elite and Riverhead. Plaintiffs do not allege how Verizon may have participated in the conspiracy, short of asking the Town Board to apply the *Monroe* Balancing Test, which lacks circumstantial evidence of an agreement between Verizon, the Town Board, or Riverhead. In addition, for the reasons explained below, Plaintiffs' conspiracy claim is insufficient because they do not plausibly allege an "unconstitutional injury."

Thus, the Court finds that Verizon and Elite are not liable under Section 1983 as their conduct does not rise to the level of state action. Accordingly, Plaintiffs' claims against them are dismissed.

## B. Plaintiffs' Federal Claims Against Riverhead and the Fire District

Next, the Court turns to whether Plaintiffs plausibly allege claims that Riverhead and the Fire District deprived, or conspired to deprive, Plaintiffs of their First Amendment rights.

### 1. First Amendment Claim

#### a. Right to Petition the Government to Redress Grievances

Plaintiffs allege that by not having the opportunity to petition the ZBA regarding their objections to the Cell Tower, Riverhead and the Fire District permanently deprived them of their First Amendment right to petition the government. *See* Am. Compl. ¶¶ 102-06. Riverhead and the Fire District move to dismiss Plaintiffs' First Cause of Action arguing that Plaintiffs had notice of the Town Board meetings held to discuss the Cell Tower and an opportunity to submit their opposition. Town Defs.' Mot. at 14. They contend that because the Town Board did not restrict Plaintiffs' attendance or speech in opposition, the Town Board's ultimate rejection of the arguments in opposition did not violate Plaintiff's right to petition. *Id.* at 15.

The right to petition the government for redress of grievances is "among the most precious of the liberties safeguarded by the Bill of Rights." *United Mine Workers, Dist. 12 v. Ill. State Bar Ass'n*, 389 U.S. 217, 222 (1967); *Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988). "The right to petition in general guarantees only that individuals have a right to communicate directly to government officials, and that individuals have the right of access to the courts to redress constitutional violations." *Kittay v. Giuliani*, 112 F. Supp. 2d 342, 354 (S.D.N.Y. 2000), *aff'd*, 252 F.3d 645 (2d Cir. 2001). This includes the right "to complain to public officials and to seek administrative and judicial relief." *Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (citing *Franco*, 854 F.2d at 589). The First Amendment protects conduct such as "attend[ing] public meetings and hearings of the Board of Trustees, the Planning Board and the ZBA." *Id.* at 195; *see also Abraham v. Town of Huntington*, 17-cv-03616 (ADS)(SIL), 2018 WL 2304779, at *11 (E.D.N.Y. May 21, 2018). However, the First Amendment "does not guarantee . . . that an elected official will necessarily act a certain way or respond in a certain manner to requests from

his constituents." *Kittay*, 112 F. Supp. 2d at 354 (citing *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984)).  It also "does not impose any affirmative obligation on the government to listen, [or] to respond."  *Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 465 (1979).

Plaintiffs do not allege that the Town Board prohibited them from attending meetings or hearings or from seeking relief by presenting opposition; in fact, Plaintiffs do not dispute that they had notice of the Town Board meetings and an opportunity to present opposition.  *See* Am. Compl. ¶ 97.  Although the approval was not the result Plaintiffs desired, Plaintiffs were not deprived of a right to complain.  Plaintiffs do not cite any authority to support their argument that an allegedly "illusory" Town Board meeting that otherwise heard their opposition but restricted them from presenting that opposition to the ZBA violates their right to petition.  In fact, in *EklecCo NewCo LLC v. Town of Clarkstown*, the court held that the plaintiffs did not state a facially plausible claim that the defendants deprived them of their right to petition by restricting them from directly applying to the planning board because the plaintiffs were still permitted to petition the town board for relief and did so.  16-CV-6492 (NSR), 2019 WL 2210798, at *11 (S.D.N.Y. May 21, 2019).  *See also Weiss v. Incorp. Village of Sag Harbor*, 762 F. Supp. 2d 560, 575 (E.D.N.Y. 2011) (holding that the plaintiff did not plausibly allege that the defendant deprived her of her right to petition because even if a law or policy made it more difficult to organize voter initiatives, the plaintiff remained free to advocate her position or file a petition).  Therefore, Plaintiffs do not plausibly allege that Riverhead or the Fire District violated their right to petition and this claim is dismissed.

### b.  Prior Restraint

Next, the Court considers whether Plaintiffs state a plausible claim that the Town Board's approval of Elite's Cell Tower application amounted to prior restraint of speech.  Plaintiffs allege

that, by granting approval of the Cell Tower, Riverhead and the Fire District circumvented the application and approval process before the ZBA, where Plaintiffs could have appeared and been heard, thereby imposing a permanent prior restraint on Plaintiffs' Free Speech rights. Am. Compl. ¶¶ 109-10. "A 'prior restraint' on speech is a law, regulation or judicial order that suppresses speech—or provides for its suppression at the discretion of government officials—on the basis of the speech's content and in advance of its actual expression[,]" and "such restraints constitute 'the most serious and the least tolerable infringement' on our freedoms of speech and press." *United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005) (quoting *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)). Accordingly, a prior restriction carries a heavy presumption against its constitutionality. *United States v. Salameh*, 992 F.2d 445, 446-47 (2d Cir. 1993) (per curiam) (citing *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 570 (1976)). A government action "constitutes a prior restraint when it is directed at suppressing speech because of its content before the speech is communicated." *In re G. & A. Books, Inc.*, 770 F.2d 288, 296 (2d Cir. 1985).

Although allegations that a town board prevented parties from presenting their message at a public forum has been found to be more than a speculative prior restraint, *see Abraham*, 2018 WL 2304779, at *12, that is not the case here. Plaintiffs do not allege that Riverhead's or the Fire District's law or regulation suppressed their speech in opposition to the Cell Tower. Nor do they allege that they were prevented from presenting their message to the Town Board. Instead, Plaintiffs argue that, by the Town Board approving the application, it barred them from representing their opposition to the purportedly appropriate governmental body, the ZBA. Such action does not fall within the purview of a prior restraint. That the Town Board's approval of the application may have prohibited the ZBA from considering the application does not equate to premeditatively suppressing the content of Plaintiffs' opposition. Plaintiffs' have not sufficiently

14

pled a claim of prior restraint in violation of their First Amendment rights as to Riverhead and the Fire District.  Accordingly, Plaintiffs' First Cause of Action is dismissed.

### 2.  Conspiracy Claim

To allege a Section 1983 conspiracy claim, a constitutional cause of action must be established.  *See Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)).  Because Plaintiffs have failed to allege a violation of their First Amendment rights, Plaintiffs' Second Cause of Action cannot succeed.

### C.  Supplemental Jurisdiction over Plaintiffs' New York State-Law Claims

The Court further declines to exercise supplemental jurisdiction over Plaintiffs' remaining New York state-law claims under CPLR Article 78 and CPLR § 3001.  *See Levy v. BASF Metals Ltd.*, 15-cv-7317 (GHW), 2017 WL 2533501, at *9 (S.D.N.Y. June 9, 2017), *aff'd*, 917 F.3d 106 (2d Cir. 2019).  Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims where it has dismissed all federal claims over which it had original jurisdiction.  Indeed, "[t]he overwhelming majority of district courts confronted with the question of whether to exercise supplemental jurisdiction over Article 78 claims have found that they are without power to do so or have declined to do so."  *Bens BBQ, Inc. v. County of Suffolk*, 19-CV-3584 (SJF)(ARL), 2020 WL 3790349, at *2 (E.D.N.Y. July 7, 2020) (collecting cases), *aff'd*, 858 Fed. App'x 4 (2d Cir. 2021).

**CONCLUSION**

For the foregoing reasons, Defendants' motions are granted, and Plaintiffs' Amended Complaint is dismissed in its entirety.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

February 26, 2026
Brooklyn, New York